UNITED STATES of America, Plaintiff–Appellee,

v.

David K. BACHTEL, Defendant–Appellant.

No. 07–50361.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2008.

Filed Sept. 29, 2008.

Dorothy C. Kim, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Defendant David K. Bachtel appeals the district court's denial of his motion for a new trial on the basis of prosecutorial misconduct.[1] In a nutshell, the issue on appeal is whether the several instances of prosecutorial misconduct admitted by both parties and largely objected to at trial prejudiced Bachtel.[2]

The court gave curative instructions and the prosecutor apologized for much of his misconduct, and, more important, the evidence against Bachtel was sufficiently overwhelming that the prosecutor's acts of misconduct neither singly nor cumulatively " 'materially affected the fairness of the trial.' " *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir.2005) (quoting *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000)) (explicating harmless error standard). We have previously upheld convictions in the face of prosecutorial misconduct "where there is substantial independent evidence of guilt." *United States v. Brooks*, 508 F.3d 1205, 1211 (9th Cir.2007). *See also, e.g., United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir.2005).

Proof that Bachtel was guilty of sinking his boat and deceiving authorities with regard to its sinking came from several witnesses and substantial physical evidence. Everyone, including Bachtel, agreed that he intended to get rid of his boat and agreed on the method used to sink it— putting holes in the hull, filling the gas tank with water, moving all of Bachtel's effects from the boat, and towing it into the channel where it partially sank. According to witnesses, the boat sank prematurely due to the failure of the motor on the towing skiff.

Bachtel's explanation, proffered to investigators from the United States Coast Guard, was that the boat had in fact been sunk by two Hispanic men to whom he had sold the boat. This explanation was largely discredited. Defendant stipulated that the address for the buyer he entered on the Release of Liability Form he sent to the Department of Motor Vehicles was non-existent. Faced with this fact, Defendant's only defense was that he was framed by an elaborate conspiracy among Mr. Daily, Mr. Willingham, and Mr. Case, who together hired the two Hispanic men to purchase Defendant's boat under false identities and sink it themselves. However-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2. The prosecutor both vouched for government witnesses and personally questioned the honesty of defense witnesses and defense counsel, personally commented on Defendant's guilt, and urged the jury to consider the environmental and economic costs of the charged offenses in requesting a guilty verdict. Additionally, the prosecutor asked questions at trial that implied Defendant was a drug user after the district court specifically directed him to not ask questions about Defendant's drug use. Defense counsel objected to nearly all this conduct at trial and the Government concedes much of it was improper.

er, Defendant mustered little evidence at trial to support this highly unlikely theory.

Accordingly, we find that the district court did not err in denying Defendant's motion for a new trial.

**AFFIRMED.**